# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT CHENCINSKI, #B75443, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-00485-NJR |
| PERCY MYERS, M.D., WEXFORD HEALTH SOURCES, INC., SCOTT THOMPSON,[1] and ILLINOIS DEPATMENT OF CORRECTIONS, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Chencinski, an inmate in the Illinois Department of Corrections, filed this case alleging deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983, as well as violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). Chencinski claims that Defendants are denying him adequate accommodation under the ADA and RA for his neurological condition, blepharospasm, by failing to provide a safely accessible bed and are also deliberately indifferent to his serious medical needs regarding treatment of his blepharospasm and dental care.

Several motions filed by Chencinski are now before the Court: Motion for Reconsideration for Appointment of Counsel (Doc. 28); Motion for Status regarding his motion for a preliminary

---

[1] Defendants Percy Myers, Wexford Health Sources Inc., and Christopher Scott Thompson have identified themselves by their proper names in their Responses to Plaintiff's Motion Requesting Court Orders. (Docs. 42, 43). The Clerk of Court is directed to correct the docket to reflect Defendants' proper names: Percy Myers, M.D., Wexford Health Sources, Inc., and Scott Thompson.

injunction (Doc. 29); Motion for Default Judgment on his request for injunctive relief (Doc. 32); Motion Requesting Court Orders (Doc. 39); and Preliminary Injunction Exhibits in Response to Defendants' Answers (Doc. 41).

**MOTION FOR RECONSIDERATION**

As stated in the Merit Review Order (Doc. 8, p. 10), as a litigant in a civil case, Chencinski has no right to counsel. *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010). Of course, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e)(1). Recruitment of counsel lies within the sound discretion of the Court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). Determining whether to appoint counsel is a two-prong inquiry. *Pruitt*, 503 F.3d at 655. The threshold question is whether the indigent plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so. *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). Only if the threshold has been met will the Court consider the second prong, *i.e.*, whether the plaintiff appears competent to litigate the case given its difficulty. *Pruitt*, 503 F.3d at 655.

In his Motion for Reconsideration for Appointment of Counsel, Chencinski asks again for the Court to request an attorney to represent him because imprisonment greatly limits his ability to litigate the case and pending injunction motion. He also lists all of the documents and testimony he will need for the preliminary injunction hearing and trial. (Doc. 28, p. 2). The Court still finds, however, that Chencinski is competent to litigate this matter without representation at this time. Significantly, a review of the docket demonstrates that not only has Chencinski's Complaint survived screening, but his numerous pleadings demonstrate an ability to construct coherent sentences, relay information to the Court, and follow the directions of the Court. While the Court

notes Chencinski's concerns with regard to his ability to investigate and collect documents due to his incarceration, such concerns are not unique to him as a *pro se* litigant and do not necessarily warrant recruitment of counsel. Chencinski's motion is denied without prejudice. Should the case increase in complexity as it advances to trial, or should discovery prove overly burdensome, Chencinski may refile his motion, and the Court will be willing to revisit recruitment of counsel at that time.

## MOTION REQUESTING COURT ORDERS

In Chencinski's Motion for Court Orders, (Doc. 39), he states that if the Court does not recruit counsel on his behalf, then he asks that the Court issue a list of orders against Defendants regarding his access to the law library, a required affidavit from another inmate, pictures and measurements of his cell, copies of medical records, and camera footage. Defendants have filed Responses to the requests (Docs. 42, 43).

In their Response, Defendants Dr. Myers and Wexford Health Sources, Inc ("Wexford"), argue that, regardless of whether Chencinski is seeking (1) a motion for a temporary restraining order ("TRO") or preliminary injunction; (2) a discovery request; or (3) a motion to compel, his motion should be denied. (Doc. 42, p.1). If he is requesting emergency injunctive relief, not only has he not alleged he would suffer irreparable harm, but Defendants Myers and Wexford state that they have no control over providing his requests at Pinckneyville Correctional Center. (*Id.* at p.2). In order to obtain medical records, they argue that Chencinski can obtain medical records by making a request through Pinckneyville Records Office. They further claim that if the motion is a discovery request, then his request is premature and that a motion to compel should be denied as he has not first sent discovery requests to Defendants. (*Id.* at pp. 2-3). Defendants Thompson and

the Illinois Department of Corrections ("IDOC") adopt the same arguments as Myers and Wexford. (Doc. 43, p. 1).[2]

Chencinski's Motion Requesting Court Orders will be denied. To the extent he is seeking an emergency injunction for additional law library access and to obtain documents, Chencinski has not met the burden necessary for TRO or preliminary injunction of showing irreparable harm. *See* FED. R. CIV. P. 65. Because he is not claiming he is being denied access to the law library or hindered by Defendants in his ability to litigate his claims, there is no indication that he is being denied meaningful access to the courts. In regard to his request for more time in the law library, a prison facility is not required to provide unlimited access to a law library, even for *pro se* litigants. *Martin v. Davies*, 917 F.2d 226, 240 (7th Cir. 1990), *cert. denied*, 501 U.S. 1208 (1991). As long as a constitutional level of access is afforded to petitioner, prison authorities are entitled to make the necessary decisions about allocation of prison resources without interference by this Court. *See Smith v. Shawnee Library* System, 60 F.3d 317, 323 (7th Cir.1995).

Furthermore, as discovery in this case has not yet commenced, any discovery related requests are premature. Chencinski cannot conduct discovery until after a pretrial scheduling and discovery order is entered. In this case as Defendants have raised Chencinski's failure to exhaust his administrative remedies as an affirmative defense, (Docs. 25, 26, and 27), the scope of discovery will initially be limited to the issue of exhaustion before addressing the merits of Chencinski's claims. *See Pavey v. Conley,* 544 F.3d 739, 742 (7th Cir. 2008).

---

[2] The Court notes, however, that it is unclear how Defendants Thompson and IDOC can adopt the argument that if Chencinski is requesting injunctive relief they have no control over: (1) law library time for their inmates; (2) allowing Chencinski to obtain an affidavit from another inmate; (3) means to take photos or measure cells; or (4) access to camera footage at Pinckneyville. *See Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011) (the warden of the prison is the proper defendant for "ensuring that any injunctive relief is carried out.").

Finally, the Court notes that for the purposes of preparing for his preliminary injunction claim, Chencinski's medical documents are already part of the record, having been submitted by Defendants Myers and Wexford as attached exhibits to their Response to the Motion for Preliminary Injunction, (Docs. 38-1, 38-2). *See Johnson v. Smith,* No. 05-4081-JLF, 2005 WL 817389 at *2 (S.D. Ill., Aug. 19, 2005) (the court will examine a request for expedited discovery using the entirety of the record "and the reasonableness of the request in light of all of the surrounding circumstances.") (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor,* 194 F.R.D. 618, 623 (N.D. Ill. 2000)).

### MOTION FOR DEFAULT JUDGMENT ON INJUNCTION RELIEF

In the Merit Review Order, Defendants were ordered to respond to the Motion for Preliminary Injunction within 14 days of service of the pleadings. (Doc. 8, p. 10). On July 11, 2019, Defendants filed Answers to the Complaint, but did not file Responses to the pending preliminary injunction motion. (Docs. 25, 26, 27). Chencinski filed a Motion for Default on Injunctive Relief, (Doc. 32), on September 17, 2019, asking the Court to enter a judgment in his favor, as Defendants had still failed to file a response. Defendants Myers and Wexford filed a response asking for an extension to file a response. They stated that until a HIPAA Qualified Protective Order was issued, they could not properly respond to the motion without access to Chencinski's medical and dental records. (Doc. 33). Defendants Thompson and IDOC also filed a Motion for Extension of Time to file a response until after the Court granted the Motion for HIPAA Qualified Protective Order. (Doc. 34). The Court granted the Motion for HIPAA Qualified Protective Order, and Defendants have filed their responses. (Doc. 38, 40). Defendants continuous filings with the Court demonstrate that they have not failed to plead or otherwise defend the lawsuit, and so a default judgment is not warranted. Chencinski's Motion for Default Judgment on

the Preliminary Injunction Motion will be denied. *See* FED. R. CIV. P. 55. Accordingly, Defendants requests for extension to file a response will also be denied as moot.

## MOTION FOR PRELIMINARY INJUNCTION

The Court defers ruling on the Motion for Preliminary Injunction. The Court has received the Responses filed by Defendants and Chencinski's Replies. A hearing on the request will be scheduled in a separate court order.

Chencinski has also filed a document entitled "Preliminary Injunction Exhibits in Response to Defendants Answers." (Doc. 41). This pleading was docketed as a second motion for preliminary injunction. He states, however, that this document is a "response to Defendants responses," (Docs. 38 and 40), and contains several exhibits to support his arguments. (Doc. 41, p. 1). Therefore, the Clerk of Court will be directed to rename this pleading (Doc. 41): Reply to Response to Motion for Preliminary Injunction.

## MOTION FOR STATUS

In light of this Order, Chencinski's Motion for Status on Preliminary Injunction (Doc. 29), will be denied as moot.

## DISPOSITION

**IT IS HEREBY ORDERED** that the following motions as filed by Chencinski are denied: Motion for Reconsideration (Doc. 28) is **DENIED** without prejudice; the Motion for Status (Doc. 29) is **DENIED** as moot; the Motion for Default on Injunctive Relief (Doc. 32) is **DENIED** without prejudice; and the Motion Requesting Court Orders (Doc. 39) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the requests for extensions of time to file a response to the Motion for Preliminary Injunction as filed by Defendants (Docs. 34, 33) are **DENIED** as moot.

The Clerk of the Court is **DIRECTED** to **RENAME** the pleading at Doc. 41 as follows: Reply to Response to Motion for Preliminary Injunction by Robert Chencinski. The pending motion shall also be terminated.

Finally, the Clerk of Court is also **DIRECTED** to change Defendants' names in accordance with footnote 1.

**IT IS SO ORDERED.**

**DATED: 12/5/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**