# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT CHENCINSKI,** **#B75443,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) **Case No. 19-cv-00485-NJR** ) |
| **PERCY MYERS, M.D.,** **WEXFORD HEALTH SOURCES, INC.,** **SCOTT THOMPSON, and** **ILLINOIS DEPATMENT OF CORRECTIONS,** | ) ) ) ) ) ) ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Chencinski has filed a Motion Requesting an Eye Specialist to be Present at the Preliminary Injunction Hearing (Doc. 48) and a Motion for Limited Counsel. For the following reasons both motions are denied.

In his Motion Requesting Eye Specialist, Chencinski asks the Court to recruit an ophthalmologist to testify regarding his eye condition, blepharospasm, and to present medical evidence on his behalf. He states that Dr. Myers is not an eye specialist and has not spoken with the ophthalmologist who has treated him. He claims that the preliminary injunction involves medical records and requires an assessment of the adequacy of treatment, which will likely require expert testimony.

Although Chencinski has been granted leave to proceed *in forma pauperis,* there is not a statutory provision or constitutional right that directs the appointment of an expert witness at government expense to testify on a litigant's behalf. *See Brown v. United States,* 74 F. App'x 611,

614-15 (7th Cir. 2004). Rule 706 of the Federal Rules of Civil Procedure allows the appointment of a neutral expert witness if the Court determines that such an expert is necessary to help the trier-of-fact understand complex information. *See Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016); *Ledford v. Sullivan*, 105 F.3d 354, 358-359 (7th Cir. 1997). "But [Rule 706] allows appointment of an expert witness if necessary to help the *court* understand the issues, not to assist a party in preparing his case." *Dobbey v. Carter,* 734 F. App'x 362, 364-65 (7th Cir. 2018); *see also Turner v. Cox*, 569 F. App'x 463, 468 (7th Cir. 2014).

Because Chencinski is not entitled to have an expert witness "testify on his behalf in order to establish a fundamental element of his case[,]" *Brown,* 74 F. App'x at 614, at the government's expense and, given the early stage of litigation, there is nothing to suggest that Chencinski's claims will require the assistance of a neutral expert in order for the trier-of-fact to understand the complexity of the issues in this case, the motion is denied. *See Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008)*; Watts v. Monroe,* No. 15-cv-0778, 2017 WL 2794286, at *5 (S.D. Ill. June, 28, 2017) (expert testimony not necessarily required for a deliberate indifference claim).

Chencinski also has filed a third motion for the recruitment of counsel. In the motion, he requests for the recruitment of counsel for the limited purposes of helping him during the preliminary injunction hearing and to draft an amended complaint. As discussed in the Order denying his Motion for Reconsideration for Appointment of Counsel (Doc. 44) and the Merit Review Order (Doc. 8), as a litigant in a civil case, Chencinski has no right to counsel. *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010). Of course, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e)(1). Recruitment of counsel lies within the sound discretion of the Court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

Nothing in this case has changed since the Court denied his previous request for counsel that would allow the Court to conclude that Chencinski could not fairly litigate his claims without counsel at this stage.[1] At the preliminary injunction hearing, Chencinski will be given the opportunity to question witnesses and present his case.[2] His pleadings continue to indicate that he can effectively communicate and follow directions from this Court, and so the Court finds he is competent to litigate his own claims.

**IT IS HEREBY ORDERED** that the Motion Requesting Eye Specialist (Doc. 48) and Motion for Limited Counsel (Doc. 49) are **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED: 12/23/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] The test established in *Pruitt* is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt,* 503 F.3d at 655.
[2] The Court notes that Chencinski claims he cannot call witnesses for the preliminary injunction hearing, but he may call witnesses at the hearing by filing a motion and submitting a list with the Court prior to the hearing.