IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT CHENCINSKI, #B75433, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-485-RJD |
| | ) | |
| PERCY MYERS, M.D., WEXFORD | ) | |
| HEALTH SOURCES, INC., SCOTT | ) | |
| THOMPSON, and ILLINOIS | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies in Counts IV and V by Defendant Percy Myers. (Docs. 122 and 123). Plaintiff responded (Doc. 131). As explained further, Defendant's Motion is GRANTED.

**Background**

Plaintiff is an inmate of the IDOC and was incarcerated at Pinckneyville Correctional Center ("Pinckneyville") at all times relevant to this motion. He filed this suit pursuant to 42 U.S.C. §1983, alleging that Dr. Myers and the other defendants violated his rights under the Eighth Amendment, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§794-94e.1. In his Eighth Amendment claim against Dr. Myers (Count 1), Plaintiff alleged that Dr. Myers was deliberately indifferent to Plaintiff's blepharospasm, a serious medical need affecting his vision; this claim against Dr. Myers survived the Court's threshold review conducted pursuant to 28 U.S.C. §1915A.

Plaintiff filed a Motion to Amend his Complaint on August 27, 2020 (Doc. 93). In the

proposed amended complaint, Plaintiff alleged that he received a spider bite at Pinckneyville in mid-June 2020 (Doc. 110).[1]  On July 2, 2020, Dr. Myers prescribed an antibiotic to Plaintiff, but Plaintiff had an allergic reaction to the antibiotic and ultimately developed blisters (*Id.*).  Two days later, Plaintiff submitted a grievance to the warden at Pinckneyville regarding the treatment he received for the spider bite and identifying Dr. Myers as the subject of the grievance (Doc. 123-1, p. 38). The warden treated the grievance as an emergency and expedited the review, but ultimately denied the grievance on July 17, 2020 (*Id.*, p. 36, 38).  Plaintiff appealed the grievance to the ARB on July 23, 2020, approximately one month before he filed the Motion for Leave to bring  claims against Dr. Myers related to the spider bite and antibiotic reaction.  On February 2, 2021, the ARB denied Plaintiff's grievance (*Id.*, p. 35).  On March 12, 2021, the Court granted Plaintiff leave to file the Amended Complaint, adding two Eighth Amendment claims against Defendant Myers: one for deliberate indifference to Plaintiff's spider bite (Count IV) and one for deliberate indifference to Plaintiff's allergic reaction (Count V).

## Legal Standards

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005).  The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once a properly supported motion for summary judgment is

---

[1] Plaintiff's Amended Complaint also contains a claim against Dr. Myers related to Plaintiff's seizures, but that claim is not relevant to the instant motion.

made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

***Exhaustion Requirements***

Under the PLRA, a prisoner must exhaust his administrative remedies before he files suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident or problem to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). The grievance must contain the following:

> …. factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.870(b).

If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e). Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

**Discussion**

Defendant's motion raises one legal issue to resolve-whether an inmate has complied with the PLRA's exhaustion requirement under the following sequence of events: 1) the inmate files a motion for leave to add a new claim to his suit; 2) the inmate exhausts his administrative remedies for that new claim; 3) the Court grants his motion for leave to file the new claim. An inmate cannot sue first and then exhaust his remedies. *Chambers*, 956 F.3d at 984 (*citing Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004)). One exception: when an inmate amends his

complaint to raise a new claim, the inmate may proceed if he exhausted his administrative remedies after filing his original complaint, but prior to "the filing of the amended complaint." *Barnes v. Briley*, 420 F.3d 673, 678 (7th Cir. 2005). However, as the Seventh Circuit noted in *Ford*, the Court's use of the term "filed" may be "uttered in passing rather than the result of a need to resolve [a] particular question." *Ford*, 362 F.3d at 399. For example, in *Barnes*, the plaintiff exhausted his administrative remedies *before* he filed a Motion for Leave to Amend his Complaint, therefore the particular question raised here (whether Plaintiff was required to exhaust his administrative remedies before he filed the Motion for Leave) was not at issue. *Barnes*, 420 F.3d 673, 675-76 (7th Cir. 2005).

Plaintiff cites a string of district court orders to support his argument that he was not required to exhaust until the date his Amended Complaint was filed. For all these cases, the term "filing date" is used in passing as the Court resolved other issues that are not relevant to the instant motion. *Owens v. Duncan*, Case No. 15-cv-1169-MJR-SCW, 2017 WL 895591 (S.D. Ill. Mar. 7, 2017); *Merriwether v. Wexford Health Sources, Inc.*, *et al.*, Case No. 16-cv-1098, 2018 WL 59044021 (S.D. Ill. June 15, 2018); *J. H. v. Pfizer, Inc. et al*, 2016 WL 1247480 (N.D. Ill. Mar. 30, 2016) ; *Smith v. Coe*, Case No. 16-cv-913-NJR-DGW, 2018 WL 6625041 (S.D. Ill. Jun. 15, 2018). In one of Plaintiff's cited cases, the issue was whether administrative remedies were "unavailable" to the inmate. *Merritte v. Kessler*, No. 12-cv-263-JPG-PMF, 2015 WL 2018225 (S.D. Ill. Apr. 30, 2015). In another, the plaintiff received the relief she requested directly from the prison and therefore the Court ruled that she exhausted her administrative remedies without appeal to the ARB; moreover, all of the actions that sufficed to exhaust her administrative remedies occurred before she filed the Motion for Leave. *Hampton v. Baldwin*, Case No. 18-cv-550, 2019 WL 3046332 (S.D. Ill. Apr. 29, 2019); *cf*. Docs. 53 and 117.

The Seventh Circuit has not made it explicitly clear that a prisoner's administrative remedies regarding new claims in a proposed amended complaint must be exhausted *before* he files the motion for leave to amend the complaint. *See, e.g.*, *Cannon v. Washington*, 418 F.3d 714, 717-19 (7th Cir. 2005). In *Cannon*, the Seventh Circuit notes that the plaintiff fully exhausted a new claim in his amended complaint via a grievance dated November 1998, but does not state *when* it was fully exhausted. *Id*. at 717. However, the plaintiff did not file a motion for leave to amend his complaint until March 2001; it is likely exhaustion was completed at some point during that 28-month period. *See id*.

In any event, Plaintiff's argument is inconsistent with other recent decisions from this district. *Daniels v. Lawrence, et al.*, Case No. 20-cv-96-DWD, 2022 WL 562603, *4 (S.D. Ill. Feb. 24, 2022); *Belk v. Watson, et al.*, 19-cv-499-JPG, 2021 WL 2292573, *5 (S.D. Ill. Jun. 4, 2021); *Getty v. Santos*, Case No. 18-cv-1134-MAB, 2020 WL 2832465, *6 (S.D. Ill., May 31, 2020). Requiring inmates to exhaust their administrative remedies regarding new claims before they ask to amend their complaint seems logical. Prisoners cannot exhaust their administrative remedies after they file their Complaint but before the Court completes the initial screening pursuant to 28 U.S.C. §1915A. *Ford*, 362 F.3d at 398. The screening process is similar to the Court's analysis of a proposed amended complaint. 28 U.S.C. §1915A(b)(1) (the Court may dismiss a prisoner's frivolous claims); *cf. Gandhi v. Sitara Capital Mgmt, LLC*, 721 F.3d 865, 869 (the Court may deny leave to amend if the amendment is futile).

One purpose of the exhaustion process is to allow the prison time to address an inmate's complaints before he files suit. *Jones*, 549 U.S. at 219. Likewise, the interests of judicial economy are furthered by allowing the prison the opportunity to address an inmate's new complaints before he asks the Court to determine whether he may amend his complaint.

Accordingly, because Plaintiff filed his Motion for Leave to Amend the Complaint and add Claims IV and V against Dr. Myers before he fully exhausted his administrative remedies regarding those claims, Dr. Myers is entitled to summary judgment.

## CONCLUSION

Summary judgment is granted in favor of Dr. Myers and against Plaintiff on Counts IV and V of Plaintiff's Amended Complaint. Counts IV and V are dismissed without prejudice. The Clerk of Court is directed to enter judgment accordingly at the conclusion of the case.

**IT IS SO ORDERED.**

**DATED:   March 2, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**